IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-20044-003-CM |
| ) | |
| **WALTER B. SANDS,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

On February 16, 2007, defendant Walter B. Sands was convicted of (1) conspiracy to possess with intent to distribute at least 50 grams of methamphetamine; (2) possession with intent to distribute or distribution of at least 5 grams of methamphetamine; (3) possession with the intent to distribute at least 50 grams of methamphetamine; (4) use of a firearm in furtherance of a drug trafficking crime; and (5) begin a felon in possession of a firearm. This matter is currently before the court on defendant's Motion for Judgment of Acquittal or in the Alternative a New Trial (Doc. 144). Defendant's motion pertains only to count 1[1] of the Superseding Indictment, which reads as follows:

> Beginning in or about September 2005, the exact date being unknown and continuing to on or about November 30, 2005, both dates being approximate and inclusive, in the District of Kansas, the defendant, WALTER B. SANDS, unlawfully, knowingly and intentionally combined, conspired, confederated and agreed with Omar Rosales and other persons known and unknown, to commit the following offenses against the United States: to possess with intent to distribute

---

[1] Formerly count 2.

> and to distribute 50 grams or more of a mixture and substance containing a
> detectable amount of methamphetamine, a controlled substance, in violation of
> Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), and Title 18,
> United States Code, Section 2.
>
> This was all in violation of Title 21 of the United States Code Section 846.

## I. Legal Standards

In reviewing both a motion for new trial and a motion for judgment of acquittal, the court views the evidence in the light most favorable to the government. *United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999). The court must uphold the jury's guilty verdict if "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001) (quoting *United States v. Schlunegar*, 184 F.3d 1154, 1158 (10th Cir. 1999)). "The evidence necessary to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt." *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000). The court considers both direct and circumstantial evidence, as well as reasonable inferences that can be drawn from that evidence. *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993) (citation omitted). An inference is "reasonable" if "logical and probabilistic reasoning" can lead to the conclusion. *United States v. Jones*, 44 F.3d 860, 865 (10th Cir. 1995) (citation omitted). The court does not examine the evidence in "bits and pieces," but rather evaluates the sufficiency by "consider[ing] the collective inferences to be drawn from the evidence as a whole." *United States v. Hooks*, 780 F.2d 1526, 1532 (10th Cir. 1986) (citation omitted).

A court may grant the defendant a new trial "if required in the interest of justice." Fed. R. Crim. P. 33. Courts view motions for new trial with disfavor and grant them only with great caution. *United States v. Custodio*, 141 F.3d 965, 966 (10th Cir. 1998). The decision whether to grant a

motion for new trial is committed to the sound discretion of the trial court. *United States v. Stevens*, 978 F.2d 565, 570 (10th Cir. 1992). The defendant has the burden of proving the necessity of a new trial. *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000).

## II.   Analysis

Although not clear, defendant's brief appears to make the following arguments: (1) the evidence was insufficient to convict him of the conspiracy alleged in count 1 of the indictment because the government failed to prove that there was a single conspiracy between defendant, Mr. Rosales, and Nino or Prieto; (2) the evidence presented at trial created a variance from the indictment because a multiple conspiracy charge instruction was not given to the jury; and (3) the evidence did not support giving the aiding and abetting instruction with respect to count 1.

### A.   Sufficiency of the Evidence

Defendant contends that the government failed to establish a conspiracy because it failed to prove interdependence between defendant, Mr. Rosales, and Nino or Prieto. The government argues that it established interdependence between defendant, Mr. Rosales, and at least one other person—defendant's supplier.

The court rejects defendant's argument. The evidence presented at trial was sufficient to support the jury's finding that defendant was guilty of participating in a conspiracy as charged in count 1 of the Superseding Indictment. "Interdependence is established when 'each coconspirator's activities constitute essential and integral steps toward the realization of a common, illicit goal.'" *United States v. Grayson*, 2007 U.S. App. LEXIS 27839, at * 8 (10th Cir. Nov. 30, 2007) (quoting *United States v. Carter*, 130 F.3d 1432, 1440 (10th Cir. 1997)). A coconspirator's "'activities are interdependent if they facilitated the endeavors of other alleged conspirators or facilitated the venture as a whole.'" *Cf. United States v. Tuyen Vu Ngo*, 226 F. App'x 819 (10th Cir. 2007) (quoting

*United States v. Ivy*, 83 F.3d 1266, 1286 (10th Cir. 1996) (discussing whether a defendant's activities are interdependent). It is unnecessary for each member of the conspiracy to know all of the details or all of the members of the conspiracy, as long as they have a shared, single criminal objective. *Cf. United States v. Small*, 423 F.3d 1164, 1182 (10th Cir. 2005) (recognizing that a defendant does not have to know all the details of the conspiracy or all the members of the conspiracy and may play only a minor role in the conspiracy).

At trial, Agent Moles testified about his interview with defendant in which defendant discussed getting methamphetamine from Nino and Prieto during the fall of 2005, listing dates specifically within the time period of the alleged conspiracy and amounts from each individual that exceeded 50 grams. He also testified that during the interview defendant admitted that Nino and Prieto would "front" him methamphetamine, collecting the money for the drugs at a later time. Omar Rosales testified that he met defendant at the home of a man named Prieto. He further testified that he purchased small amounts—half to a full gram—of methamphetamine from defendant on several occasions and that on November 29, 2005, he purchased an ounce of methamphetamine from defendant. There was also testimony that Ryan Benton was in the car with Mr. Rosales when they went to defendant's house to purchase the methamphetamine on November 29. During that purchase, Mr. Rosales told defendant he would probably need another ounce the following day.

Based on the evidence presented at trial, the jury could have inferred that Mr. Rosales purchased drugs for the purpose of resale, as opposed to personal use, and that he was facilitating the endeavors of other alleged conspirators or facilitating the shared criminal objective as a whole. Taken in the light most favorable to the government, this evidence was sufficient for the jury to determine that there was interdependence between defendant, Mr. Rosales, and Nino or Prieto.

Additionally, as the government argues in the alternative, the jury could have convicted defendant even if it found that Mr. Rosales was not a part of the conspiracy because it could have found that defendant conspired with persons known and unknown. *United States v. Howard*, 966 F.2d 1362, 1364 (10th Cir. 1992) (finding that a "defendant's lone conspiracy conviction will stand if there is sufficient evidence from which the jury could have concluded that an unknown or unnamed coconspirator existed and that defendant and the unknown or unnamed coconspirator agreed to violate the drug laws.") (citations omitted); *see also United States v. Jackson*, 876 F. Supp. 1188, 1202 (D. Kan. 1994) (recognizing the absence of any rule that an indictment name all co-conspirators).  Although charged in the conjunctive, a conspiracy charge may be proven in the disjunctive.  *See United States v. Barrio*, 41 F. App'x 169, 174 (10th Cir. 2002) ("'[I]t is permissible to charge a single offense [conspiracy] but specify alternate means to commit the offense.'") (quoting *Griffin v. United States*, 502 U.S. 46, 56 (1991)).  Thus, the jury could find defendant guilty of the conspiracy alleged in count 1 based on the evidence regarding his relationship with and the drugs fronted by Nino and/or Prieto.  *See, e.g.*, *Small*, 423 F.3d at 1184 (recognizing that a fronting arrangement strongly suggests that person receiving the fronted drugs is expected to redistribute them for profit).

After reviewing the record, the court finds that there was sufficient evidence to convict defendant of the conspiracy alleged in count 1 of the Superseding Indictment.

**B.    Variance**

The Fifth Amendment is violated when a defendant is tried on charges different from those handed down by the grand jury.  "'A variance arises when the evidence adduced at trial establishes facts different from those alleged in an indictment.'" *United States v. Ailsworth*, 138 F.3d 843, 848 (10th Cir. 1998) (quoting *United States v. Edwards*, 69 F.3d 419, 432 (10th Cir. 1995)).  A variance is

-5-

reversible error only when it "affects the substantial rights of the accused." *Id.*

Defendant contends that the government demonstrated multiple, independent conspiracies—one between defendant and Mr. Rosales; one between defendant and Nino; and one between defendant and Prieto—instead of a single conspiracy as alleged in the Superseding Indictment. Defendant argues that this created a variance because a multiple conspiracy charge instruction was not given to the jury. The court disagrees.

First, as mentioned above, the evidence was sufficient for the jury to determine interdependence between defendant, Mr. Rosales, and Nino or Prieto. Second, the Tenth Circuit does not require a multiple conspiracy instruction "as long as the instructions informed the jury that 'the government had the burden of proving beyond a reasonable doubt the [single] conspiracy as alleged, and that the evidence should be considered separately as to each defendant.'" *United States v. Evans*, 970 F.2d 663, 675 (10th Cir. 1992) (quoting *United States v. Watson*, 594 F.2d 1330, 1340 (10th Cir. 1979)).

Defendant failed to object to the jury instructions at trial. Thus, pursuant to Federal Rules of Criminal Procedure 30(d) and 52(b), the court considers the issue under a plain error standard. *States v. Robertson*, 473 F.3d 1289, 1291 (10th Cir. 2007). "Plain error 'occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Pursley*, 474 F.3d 757, 769 (10th Cir. 2007) (quoting *United States v. Lopez-Flores*, 444 F.3d 1218, 1222 (10th Cir. 2006). An error is plain when it is clearly contrary to well-settled law. *See United States v. Whitney*, 229 F.3d 1296, 1309 (10th Cir. 2000). Defendant bears the burden to show that an error was plain error.

Here, defendant was the only defendant on trial and the instructions informed the jury that

the government had the burden of proving beyond a reasonable doubt the conspiracy as alleged. Instruction 15 informed the jury that "the government has the burden of proving the defendant's guilt beyond a reasonable doubt." Instruction 17 set out count 1 as alleged in the Superseding Indictment. Instruction 23 set forth and defined the elements of a conspiracy, including that "[m]ere similarity of conduct among various persons, and the fact they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy." And Instruction 34 explained that defendant was only on trial for the acts alleged in the Superseding Indictment. In light of the allegations in the Superseding Indictment, the evidence presented at trial, and the instructions as a whole, the court finds that failure to give a multiple conspiracy instruction was not contrary to the current, well-settled law. *See, e.g., Evans*, 970 F.2d 663, 674–75 (rejecting the argument that the district court erred in failing to instruct the jury on multiple conspiracies).

After reviewing the record, the court finds that (1) a variance did not occur because the evidence was sufficient to convict defendant of the conspiracy charge and (2) failure to give a multiple conspiracy instruction was not plain error.

### C. Aiding and Abetting

Defendant argues that there was no evidence to support giving Instruction 26—aiding and abetting a conspiracy. Because defendant failed to object to Instruction 26 at his trial, the court considers the issue under a plain error standard. *See* Fed. R. Crim. Pro. 30(d) & 52(b); *Robertson*, 473 F.3d at 1291. As mentioned above, an error is plain if it is contrary to well-settled law. *Whitney*, 229 F.3d at 1309.

Without citing supporting authority, defendant argues that if the jury found that defendant was not a coconspirator, then there was no one left with whom he could have aided and abetted.

Citing no authority or evidence, the government argues that the jury could have found that he aided and abetted Nino or Prieto. The court upholds the conviction on alternative bases.

It is well-settled law that "a general jury verdict [is] valid so long as it [is] legally supportable on one of the submitted grounds—even though [there is] no assurance that a valid ground, rather than an invalid one, was actually the basis for the jury's action." *Griffin v. United States*, 502 U.S. 46, 48 (1991) (recognizing this was the settled law before the Declaration of Independence and long afterwards). Here, count 1 alleged two legal theories, conspiracy and aiding and abetting. The jury was instructed on both offenses. As the court previously determined, the evidence was sufficient to convict defendant of the alleged conspiracy.

Where, as here, there is an alternative ground for which the evidence was sufficient, the conviction is valid. *Cf. Griffin*, 502 U.S. at 48 (holding that a general guilty verdict in a multiple-object conspiracy need not be set aside if evidence is insufficient to support conviction as to one object). "'It is one thing to negate a verdict that, while supported by evidence, may have been based on an erroneous view of the law; it is another to do so merely on the chance—remote, it seems to us—that the jury convicted on a ground that was not supported by adequate evidence when there existed alternative grounds for which the evidence was sufficient.'" *Id.* (quoting *United States v. Townsend*, 924 F.2d 1385, 1414 (7th Cir. 1991)). Although it is generally preferable for the court to give an instruction removing a theory on which there are insufficient grounds from the jury's consideration, the refusal to do so does not provide an independent basis for reversing an otherwise valid conviction. *Id.* at 60. Accordingly, defendant's motion is denied.

**IT IS THEREFORE ORDERED** that defendant's Motion for Judgment of Acquittal or in the Alternative a New Trial (Doc. 144) is denied.

Dated this 5th day of May 2008, at Kansas City, Kansas.

              **s/ Carlos Murguia**
              **CARLOS MURGUIA**
              **United States District Judge**