# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WALTER SANDS, )<br>)<br>        Petitioner/Defendant, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>        Respondent/Plaintiff. )<br>_____) | Case No. 06-20044-3-CM<br>10-2413-CM |

## MEMORANDUM AND ORDER

The matter comes before the court on petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 206). Petitioner argues that his § 2255 motion should be granted because his counsel was ineffective. The government responded, arguing that petitioner has failed to prove his ineffective assistance of counsel claims, and the court should deny petitioner's motion (Doc. 210). For the reasons set forth below, this court denies in part and takes under advisement in part petitioner's motion.

**I.  Factual and Procedural Background**

A jury convicted petitioner of the following: conspiracy to possess with intent to distribute at least fifty (50) grams of methamphetamine; possession with intent to distribute at least five (5) grams of methamphetamine; using a firearm in furtherance of a drug trafficking crime; possession with intent to distribute at least fifty (50) grams of methamphetamine; and possession of a firearm or ammunition after being convicted of a felony. On September 24, 2008, the district court sentenced petitioner to a controlling imprisonment term of 420 months.

Petitioner timely filed an appeal, which was dismissed on June 2, 2009, and the 90-day time

period for petitioner to file a petition for writ has passed. Petitioner timely filed this § 2255 motion on July 22, 2010.

## II. Legal Standard and Analysis

Under 28 U.S.C. § 2255(a), a prisoner in custody has the right to challenge a sentence imposed by the District Court if it is in violation of the Constitution or other law of the United States, or if the sentence imposed was in excess of the maximum authorized by law. If the court finds that petitioner is being held in violation of federal law, the court "shall vacate and set the judgment aside and shall discharge the [petitioner] or resentence him or grant a new trial or correct the sentence . . ." 28 U.S.C. § 2255(b).

Petitioner argues that the court should vacate his sentence because his trial counsel was ineffective for the following reasons: (1) counsel advised petitioner to go to trial based on unreasonable expectations of the trial outcome; (2) counsel failed to pursue an opportunity for petitioner to cooperate with the government in exchange for a lesser sentence pursuant to a government-filed United States Sentencing Guideline (U.S.S.G.)§ 5K1.1 motion; (3) counsel advised petitioner to go to trial rather than advising him to take a 20-year plea deal; (4) counsel failed to advise petitioner of a 17-year plea deal offered by the government; and (5) counsel failed to challenge the court regarding the imposition of a consecutive term of imprisonment for petitioner's conviction under 18 U.S.C. § 924(c). In support of petitioner's motion, he provides his own sworn declaration, in addition to several exhibits including a sworn declaration prepared by his wife, Katie Sands.[1]

---

[1] Petitioner's declaration is a sworn declaration where he states that the statements are true and made under penalty of perjury pursuant to 28 U.S.C. § 1746 (Doc. 208, at 27). 28 U.S.C. §
(continued...)

The government argues that petitioner has failed to establish his claims of ineffective assistance of counsel, and requests that his motion be denied. In support, the government provides an affidavit submitted by petitioner's trial counsel as evidence to contradict petitioner's statements.

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of demonstrating that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. In order to demonstrate prejudice, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

**1.   Ineffective Assistance of Counsel Claim for Failure to Pursue Petitioner's Cooperation with the Government**

Petitioner argues that trial counsel should have pursued a "5k1.1 letter" with the government

---

[1] (...continued)
1746(2) provides that a declaration made under penalty of perjury may be submitted in lieu of an affidavit. *Denmon v. Runyon*, No. 92-2144-EEO, 1993 WL 441970, at *1 (D. Kan. Oct. 25, 1993); *See United States v. Sanchez-Flores*, No. 98-3048, 1998 WL 703322, at *1 (10th Cir. Oct. 7, 1998) (allowing submission of declaration in order to support the truth of statements made in a motion).

-3-

because petitioner was willing to cooperate to lower his sentence. (Doc. 206, at 4.) He indicates that his counsel said "it would be a waste of his time because [trial counsel], in the past had always been unsuccessful in his attempts to facilitate any cooperation." *Id.*

Petitioner has failed to show that even if trial counsel had in fact advised him to cooperate, it would have changed the outcome of his sentence. Only the government may file a motion under U.S.S.G. § 5K1.1. *Wade v. United States,* 504 U.S. 181, 185 (1992). It is up to petitioner to prove that had his counsel advised him to cooperate with the government, he would have received the benefit of a § 5K1.1 motion, or that his sentence would have been different. *United States v. Burch*, 166 F. Supp. 2d 1319, 1324 (D. Kan. 2001) (finding that petitioner "failed to demonstrate any reasonable probability that her sentence would have been different had her trial counsel argued for a § 5K1.1 departure").

Petitioner has offered nothing to suggest that he had information that would be of interest to the government, that the government was interested in cooperating with petitioner, or that the government would have filed a § 5K1.1 motion based on such cooperation. He simply states that his counsel was ineffective for failing to encourage him to cooperate with the government because he gave inculpatory statements to law enforcement officers after his arrest, and because his trial counsel had not had success at previous attempts to negotiate cooperation. (Doc. 206, at 4, 8.) Conclusory allegations that counsel was ineffective are insufficient to warrant habeas relief, even when a defendant proceeds *pro se*. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Petitioner has failed to show that the sentence he received would have been any different had trial counsel attempted to negotiate a cooperation agreement between petitioner and the government. Therefore, he has failed to prove trial counsel was ineffective on this claim.

**2.** **Ineffective Assistance of Counsel Claim for Failure to Challenge the Court's Sentence**

**Regarding Petitioner's 18 U.S.C. § 924(c) conviction**

Petitioner contends that his trial counsel was ineffective for failing to challenge the district court's imposition of a consecutive term of 60 months imprisonment pursuant to his conviction under 18 U.S.C. § 924(c). Petitioner claims that the consecutive five-year term of imprisonment should not apply because a higher 20-year mandatory minimum sentence pursuant to 21 U.S.C. § 841 was imposed.[2] Petitioner cites to *United States v. Whitley*, 529 F.3d 150, 151 (2nd Cir. 2008) and argues that the court in *Whitley* concluded the consecutive minimum penalty pursuant to § 924(c) did not apply because a higher minimum penalty was imposed by the Armed Career Criminal Act. Petitioner likens his charge under 18 U.S.C. § 841 to defendant Whitley's charge under the Armed Career Criminal Act, and argues that he should not be subjected to the five-year minimum for the firearm conviction under § 924(c) because he was sentenced to a mandatory minimum term of 20 years pursuant to his conviction under § 841.

Under 18 U.S.C. § 924(c)(1)(A)(i), "except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years." Further, pursuant to § 924(c)(1)(D)(ii), "[n]otwithstanding any other provision of law[,] no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person." The circuits are split in determining what qualifies as an exception regarding other provisions of the law under § 924(c)(1)(D)(ii). However, the Tenth Circuit joins the majority of courts who have addressed the

---

[2] Petitioner mistakenly lists 21 U.S.C. § 851 as the charge which resulted in the court's imposition of the statutory mandatory minimum of 360 months. However, the charge as it is set out in the Superseding Indictment, conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine, is pursuant to 21 U.S.C. § 841.

-5-

issue, concluding that "the most natural reading of § 924(c) is that its prefatory clause refers only to a minimum sentence provided by § 924(c) or any other statutory provision that proscribes the conduct set forth in § 924(c)." *United States v. Villa*, 589 F.3d 1334, 1345 (10th Cir. 2009). "[A] defendant convicted under § 924(c)(1) shall be sentenced to a term of imprisonment set forth in § 924(c)(1)(A) unless subsections (c)(1)(B) or (c)(1)(C), or another penalty provision elsewhere in the United States Code, requires a higher minimum sentence for that § 924(c)(1) offense." *Id*.

The court in *Villa* addressed a similar argument to petitioner's. The petitioner in *Villa* argued that because her conviction under § 841(b)(1)(A)(viii) required a mandatory minimum sentence of 10 years imprisonment, the court could not impose a consecutive five-year term of imprisonment, arguing that it must run concurrently. 589 F.3d at 1342. The Tenth Circuit rejected this argument, finding that this reading is not the most faithful reading of the statute, and that the result would be absurd and at odds with its statutory purpose. *Id*. at 1344.

A conviction under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) provides for a statutory minimum sentence of 20 years in the event of a prior conviction for a felony drug offense. The court properly applied the statutory mandatory minimum sentence of 20 years pursuant to petitioner's convictions under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), and following the Tenth Circuit's interpretation of § 924(c), did not commit error in sentencing petitioner to a consecutive 60-month consecutive term of imprisonment for his conviction under § 924(c). Therefore, the court finds that petitioner's counsel was not ineffective for failing to raise petitioner's argument.

**3.  Ineffective Assistance of Counsel Claim for Failure to Inform Petitioner of a 17-year Plea Offer**

Petitioner claims that trial counsel failed to advise him of a 17-year plea offer by the

government, which petitioner only learned about through sentencing counsel.[3] It is counsel's duty to inform their clients of plea offers from the government, and failure to do so is considered ineffective assistance of counsel. *United States v. Morris*, No. 03-3360, 2004 WL 1598792, at *2 (10th Cir. 2004) (quoting *United States v. Golden*, 102 F.3d 936, 943 (7th Cir. 1996)) (quotation marks omitted). It is not only counsel's duty to inform, but counsel must also involve their client in the "decision-making process regarding the agreement's ultimate acceptance or rejection." *Id.* (quoting *Golden*, 102 F.3d at 943).

After a thorough review of the parties' briefs and supporting documentation, the court believes that petitioner was mistaken about a 17-year plea offer made by the government. Although the record is unclear about the specific terms of the plea offer, evidence does not support that there was a 17-year plea offer, and that trial counsel failed to inform him of any such offer. The record indicates that petitioner sent a letter to sentencing counsel requesting a copy of all letters that trial counsel sent to petitioner regarding any plea deals. (Doc. 208, at 24.) Sentencing counsel responded that he could not recover any such handwritten offers. *Id.* In fact, the record reflects that sentencing counsel told petitioner that "[n]one of those letters outlined any plea offers made by the government or discussions of a plea offer[] between [petitioner] and [trial counsel]." (Doc. 213, at 32.)

However, evidence does suggest that trial counsel informed petitioner that if petitioner plead to the conspiracy charge, the government would not use petitioner's prior criminal history to enhance his sentence to the 20 year minimum. *Id.* at 31. Further, there is evidence that during plea negotiations trial counsel and petitioner determined petitioner would serve anywhere from 17 to 20

---

[3] The court appointed counsel (trial counsel) to represent petitioner during the pretrial and trial phase of his case. Between trial and the sentencing hearing, petitioner filed a motion to appoint counsel. This court granted petitioner's motion, and appointed different counsel to represent petitioner for sentencing purposes (sentencing counsel).

-7-

years, with petitioner rejecting the proposal, stating several times "I don't have 17 years in me." *Id*.

In trial counsel's affidavit, trial counsel states that he conducted plea negotiations with the government, and that a plea offer for "around 20 years" was made, which could have resulted in a possible sentence of around 17 years considering any good time credit. (Doc. 210-1, at 1.) Trial counsel indicates that he met with petitioner and suggested that he seriously consider the plea offer because it "could result in a 17-year sentence," but that petitioner would not accept a plea offer for any imprisonment term over 10 years. *Id*. Trial counsel argues that at no time did he "insist that [petitioner] reject any plea offer" and that petitioner did not express an interest in negotiating a plea deal with the government except one that resulted in 10 years. *Id*. at 1–2.

The court could find nothing in the record suggesting that the government proposed to petitioner or trial counsel a 17-year plea offer. Petitioner is likely confused as to the term of imprisonment he could have received, as evidenced by statements in the record regarding a plea agreement with the government which could have resulted in an imprisonment term of approximately 17 to 20 years. However, the court cannot find that counsel was ineffective for failing to advise petitioner regarding a 17-year plea offer when there is no evidence to suggest that a plea offer with a specific imprisonment term of 17 years was ever made. Regardless, petitioner's statement regarding the fact that he could not live with a 17-year sentence suggests that petitioner was at least aware of a plea offer that might have resulted in a sentence of at least 17 years. This claim fails.

**4.     Ineffective Assistance of Counsel Claim for Failure to Encourage Petitioner to Accept the Government's 20-year Plea Offer**

Petitioner asserts that trial counsel was ineffective for advising petitioner to proceed to trial rather than accepting the government's 20-year plea offer. Petitioner argues that because trial

counsel urged petitioner to reject the plea deal, stating that petitioner "had a better [than] 70 percent chance of acquittal" at trial, petitioner relied on this advice and proceeded to trial. *Id*. at 4.

An evidentiary hearing is not necessary on an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion except where "(1) defendant alleges specific and particularized facts which, if true, would entitle him to relief and (2) the motion and the files and records of the case do not conclusively show that defendant is entitled to no relief." *United States v. Powell*, No. CR.A. 012002101KHV, 2004 WL 1534176, at *3 (D. Kan. May 10, 2004); *see also Mayes v. Gibson,* 210 F.3d 1284, 1287 (10th Cir.) *cert. denied*, 531 U.S. 1020, (2000) (finding that a petitioner must allege facts that if determined to be true, and "not contravened by the record," he would be entitled to relief).

There is conflicting evidence in the record regarding petitioner and trial counsel's plea discussions. Evidence supports, and petitioner acknowledges, that he knew a plea offer was made where petitioner would receive an imprisonment sentence of around 20 years of imprisonment in exchange for entering a plea of guilty. In his sworn declaration, petitioner states that trial counsel assured petitioner that if he lost at trial, the sentence would not exceed 20 years, which petitioner argues that he relied on when making his decision not to take the government's plea offer. (Doc. 208, at 20–21.) Petitioner's wife, Katie Sands, states in her sworn declaration that she also had conversations with trial counsel where he urged her to "dissuade [petitioner] from accepting the government's plea deal of 20 years because even if he was found guilty at trial[,] any subsequent sentence would not exceed 20 years." (Doc. 208, at 26–27). Relying on trial counsel's assurance that "Walter had a better than average [chance] of beating the case before a jury," Ms. Sands allegedly insisted to petitioner on two to three occasions that he should go to trial. *Id*. Petitioner alleges that the conversations with his family and with trial counsel contributed to petitioner's

-9-

decision to reject the plea offer and go to trial.

However, statements in trial counsel's affidavit contradict petitioner's statements. Trial counsel suggests that he informed petitioner that "25 years was *the least* he would get if he was found guilty at trial." (Doc. 213, at 34.) Further, evidence also suggests that trial counsel did not "insist" that petitioner reject any plea deal, but rather it was petitioner who never expressed an interest in pleading guilty unless the term of imprisonment was for 10 years or less. (Doc. 210-1, at 1–2).

"[A] district court cannot simply credit the government's affidavits and discredit the defendant's." *United States v. Hershberger*, No. 90-3237, 1991 WL 136337, at *2–3 (10th Cir. 1991) (citing *Lindhorst v. United States,* 585 F.2d 361, 365 (8th Cir.1978)); *see also Friedman v. United States,* 588 F.2d 1010, 1015 (5th Cir.1979) (finding "contested fact issues in § 2255 cases cannot be resolved on the basis of affidavits"). The court must conduct an evidentiary hearing in order to resolve issues in dispute when petitioner presents and supports plausible, factual allegations which conflict with "affidavits filed with the [g]overnment's response, related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light." *Hershberger*, 1991 WL 136337, at *3 (citing *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

The situation in this case is similar to *Hershberger*. Plea discussions were held between petitioner and trial counsel outside the presence of the court and government's counsel. There is conflicting evidence regarding the plea discussions that took place between trial counsel and petitioner, and as a result, this court is unable to make a determination as to whether there is a reasonable probability that "but for incompetent counsel [petitioner] would have accepted the plea offer and pleaded guilty." *Requena v. Roberts*, No. 07-3058-JWL, 2007 WL 2460843, at *8 (D.

Kan. Aug. 24, 2007) (quoting *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997)). Because the court cannot resolve the conflict on the record alone, the court must conduct an evidentiary hearing. Therefore, the court will conduct an evidentiary hearing on the issue of whether trial counsel was ineffective during plea discussions between himself and petitioner, ultimately affecting whether petitioner chose to reject the government's plea offer and proceed to trial.

**5.    Ineffective Assistance of Counsel for Misadvising Petitioner Regarding Expectation of the Trial Outcome**

Petitioner claims that his counsel convinced him that by going to trial, his "chances of winning [were] significantly greater than the chance of losing," and therefore petitioner decided to go to trial rather than pleading guilty. (Doc. 208, at 3.) He argues that his counsel should have negotiated a plea deal because his counsel knew that petitioner's inculpatory statements made to law enforcement officials could possibly enhance his sentence.

It is petitioner's burden to demonstrate that his attorney "failed to properly inform [him] of the risks and benefits of rejecting the plea and proceeding to trial." *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). This issue is closely tied to the question surrounding whether petitioner relied on trial counsel's statements regarding the plea offer and the trial outcome. Because there is conflicting evidence regarding these discussions, and whether trial counsel properly informed him of the risks and benefits to proceeding to trial, this court will also conduct an evidentiary hearing as to this claim. *Id*.

**6.    Appointment of Counsel**

If an evidentiary hearing is required, Rule 8(c) of the Rules governing 28 U.S.C. § 2255 mandates that counsel must be appointed. *See also United States v. Ailsworth*, Nos. 99-3324-SAC, 94-40017-01-SAC, 2004 WL 2004908, at *1 (D. Kan. Aug. 4, 2004) (citing *Swazo v. Wyoming,* 23

-11-

F.3d 332, 333 (10th Cir. 1994)). Because this court orders that an evidentiary hearing be held, this court reappoints Tom Bath, petitioner's sentencing counsel, to represent petitioner at the evidentiary hearing, limited to the issues the court addressed above surrounding petitioner's reliance on trial counsel's representations regarding the plea offer and the trial outcome.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 102) is denied in part and taken under advisement in part.

**IT IS FURTHER ORDERED** that an evidentiary hearing is scheduled for January 31, 2011 at 1:30 p.m. The court appoints sentencing counsel, Tom Bath, to represent petitioner at the hearing.

Dated this 10th day of November, 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**