## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 06-20044-03-JAR** |
| **WALTER B. SANDS,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Walter B. Sands Motion for Compassionate Release (Doc. 247). For the reasons provided below, Defendant's motion is denied.

### I.      Background

On February 16, 2007, Defendant was convicted by jury of : (1) conspiracy to possess with intent to distribute at least fifty grams of methamphetamine; (2) possession with intent to distribute or distribution of at least five grams of methamphetamine; (3) possession with the intent to distribute at least fifty grams of methamphetamine; (4) use of a firearm in furtherance of a drug trafficking crime; and (5) being a felon in possession of a firearm.[1] On September 24, 2008, Defendant was sentenced to 420 months imprisonment, a ten-year term of supervised release, and a $100 special assessment.[2]

---

[1] Doc. 123.

[2] Doc. 183.

The Tenth Circuit dismissed Defendant's appeal and affirmed his convictions and sentence.[3]  Defendant filed a postconviction petition under 28 U.S.C. § 2255, which was denied.[4] The Tenth Circuit denied Defendant a certificate of appealability and dismissed the § 2255 appeal.[5]  Defendant's sentence was reduced on February 10, 2015, from 420 months to 384 months imprisonment.[6]

Defendant is currently incarcerated at Edgefield FCI.  The Bureau of Prisons ("BOP") reports 102 inmates at that facility have tested positive for COVID-19, 837 inmates have been tested, and one inmate has died.[7]  There is one active inmate case, sixteen active staff cases, and six tests remain pending.[8]  Defendant is 48 years old, and his projected release date is July 25, 2033.

On July 20, 2020, Defendant filed a motion requesting compassionate release due to his underlying medical conditions of obesity, diabetes, hypertension, and sleep apnea and the risk of severe complications or death should he contract COVID-19 while in prison.  He requests that his sentence be reduced to time served.  He then requests that as a condition of supervised release, he be placed on home confinement for five years, and have an additional five years added to his ten-year term of supervised release.  Defendant is represented by counsel.

## II.    Legal Standards

---

[3] Doc. 205.

[4] Docs. 214, 235.

[5] Doc. 243.

[6] Doc. 246.

[7] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed October 23, 2020).

[8] *Id.*

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[9]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply.  Until recently, these exceptions required the BOP to move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[10]  But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ."[11]  Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[12]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2)  "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination

---

[9] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[10] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[11] 18 U.S.C. § 3582(c)(1)(A).

[12] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *see also United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional). *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[13]  In addition, a court must ensure that any reduction in a defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[14]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[15]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[16]

---

[13] 18 U.S.C. § 3582(c)(1)(A).

[14] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

[15] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[16] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

### III.   Discussion

#### A.  Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  Defendant

sent a letter to the Warden on June 10, 2020 requesting compassionate release.  As of July 20,

2020, the date Defendant filed his motion in this Court, more than 30 days had passed.  In

addition, the government does not dispute that Defendant has satisfied the applicable exhaustion

requirement.  Thus, because more than thirty days have passed since Defendant filed his request

with the Warden, this Court has jurisdiction to decide Defendant's motion.

#### B.  Extraordinary and Compelling Reasons

Having determined that Defendant has properly exhausted administrative remedies, the

Court must next determine whether extraordinary and compelling reasons warrant reducing

Defendant's sentence to time served.  Congress permitted the Sentencing Commission to

"describe what should be considered extraordinary and compelling reasons for sentence

reduction, including the criteria to be applied and a list of specific examples."[17]  The Sentencing

Commission, in its commentary to U.S.S.G. § 1B1.13, has enumerated four categories of

circumstances which may constitute extraordinary relief.[18]

Here, Defendant asserts that his circumstances constitute extraordinary, compelling

reasons to reduce his sentence.  He contends that his underlying health conditions of obesity,

diabetes, hypertension, and sleep apnea, and the outbreak of COVID-19 in prison, makes him

more susceptible to serious illness or death should he contract COVID-19.  The government

concedes that per Department of Justice ("DOJ") policy and Centers for Disease Control and

---

[17] 28 U.S.C. § 994(t).

[18] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

Prevention ("CDC") guidance, Defendant's medical conditions, in the context of the COVID-19 pandemic, constitute an extraordinary and compelling reason.  The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted.  Accordingly, the Court will move on to consider the § 3553(a) factors.

### C.   Section 3553(a) Factors

The Court next considers whether Defendant's reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a).  That statutes requires courts to "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.[19]

While the Court takes all seven § 3553 factors into account, those most pertinent to Defendant's case are the nature and circumstances of the offense and the history and characteristics of the offense, the need for the sentence imposed to reflect the seriousness of the

---

[19] 18 U.S.C. § 3553(a).

offense, and the need to provide adequate deterrence.  In consideration of these factors, the Court concludes that releasing Defendant now would not leave him with a sentence that is "sufficient, but not greater than necessary."

Defendant was convicted by jury of six serious offenses including conspiracy to possess with intent to distribute at least fifty grams of methamphetamine, possession with the intent to distribute at least fifty grams of methamphetamine, the use of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm.

After an investigation into distribution of methamphetamine in the Kansas City area, law enforcement became aware that Defendant was involved in this distribution ring.  Defendant provided methamphetamine to a co-defendant who then sold the methamphetamine.  The next day, Defendant was stopped in a vehicle, while driving with a suspended license and an active warrant for his arrest.  Law enforcement found a loaded handgun under the front seat of the vehicle.  A subsequent search of Defendant's residence revealed methamphetamine and marijuana.  Based on Defendant's later statements, Defendant was ultimately attributed with 1,975 grams of methamphetamine.

At the time of sentencing, Defendant had a total offense level of thirty-eight and a criminal history category of VI.  The sentencing Court noted Defendant's extensive criminal history, negative performance while on probation and parole, prior gang involvement, and involvement in the crimes for which he was being sentenced.  The Court considered numerous sentencing factors when sentencing Defendant to 420 months' imprisonment.[20]

Defendant notes the great disparity between his sentence and the sentences received by his two co-Defendants.  His co-Defendants, however, both pleaded guilty to one offense.  In

---

[20] This sentence was later reduced to 384 months.

contrast, Defendant proceeded to trial and was convicted on six counts.  Thus, a sentence disparity is to be expected.  At this time, Defendant has only served approximately half of his sentence and is not expected to be released until 2033.  Although Defendant has underlying conditions increasing his risk of serious complications should he contract COVID-19, the reduction of Defendant's sentence in such a significant manner would not afford adequate deterrence or punishment.

Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct.  Nor would it provide adequate deterrence or appropriate punishment.  The Court finds that the 384-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court finds that Defendant does not demonstrate an extraordinary and compelling reason warranting sentence reduction and an early release from prison.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Compassionate Release (Doc. 247) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 29, 2020

s/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE